UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nandini Jammi, an individual,<br><br>Plaintiff,<br><br>        v.<br><br>American Airlines Group, Inc., a Delaware corporation; Daon, Inc., a Virginia corporation; Yahoo, Inc., a Delaware corporation; Northstar Travel Media, LLC, a Delaware limited liability company; 3BL Media, Inc., a Delaware corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1:24-cv- |

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Nandini Jammi, ("Jammi"), by and through her undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under Virginia Code § 8.01-40 and federal copyright law.

2. This Court has subject matter jurisdiction over this matter under 15 U.S. Code § 1121 because one claim at issue arises under the Copyright Act. This Court also has subject matter jurisdiction under 28 U.S. Code § 1332 and supplemental jurisdiction under 28 U.S. Code § 1367 because the Virginia Statute at issue forms part of the same case and controversy as the claim arising under the federal statute.

3. This Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district giving rise to this claim.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Jammi is an individual currently residing and domiciled in Maryland.

6. Upon information and belief, Jammi alleges that Defendant American Airlines Group, Inc., individually and doing business as "American Airlines" ("American Airlines"), is a Delaware corporation with its headquarters at 1 Skyview Dr., Fort Worth, Texas, and is doing substantial business within this District. Upon information and belief, Jammi alleges that American Airlines is a citizen of Delaware and Texas.

7. Upon information and belief, Jammi alleges that Defendant Daon, Inc. individually and doing business as "Verifly" ("Verifly") is a Virginia corporation with its headquarters at 4097

Monument Corner Drive, Suite 550, Fairfax, Virginia and is doing business within this District at its office located at 259 West 30th Street, New York, New York.

8. Upon information and belief, Jammi alleges that Defendant Yahoo, Inc. ("Yahoo") is a Delaware corporation with its headquarters at 701 1st Ave, Sunnyvale, California, and is doing business within this District at its office at 770 Broadway, New York, New York.

9. Upon information and belief, Jammi alleges that Defendant Northstar Travel Media, LLC, individually and doing business as "Travel Weekly" and "Travel Pulse" ("Travel Weekly"), is a Delaware corporation headquartered at 100 Lighting Way, Secaucus, New Jersey and is doing business within this District.

10. Upon information and belief, Jammi alleges that Defendant 3BL Media, Inc., individually and doing business as "CSR Wire" ("CSR Wire"), is a Delaware corporation headquartered at 136 West Street, Northampton, Massachusetts and is doing business within this District.

11. Upon information and belief, Jammi alleges that Defendants Does 1 through 10 (collectively, with American Airlines, Verifly, Yahoo, Travel Weekly, and CSR Wire, "Defendants"), inclusive, are other parties not yet identified who have violated Plaintiff's rights to privacy, have contributed to the violation of Plaintiff's rights to privacy, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Jammi, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Jammi is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

### CLAIMS RELATED TO PLAINTIFF'S PICTURE AND LIKENESS

13. Jammi is an American activist and brand safety consultant. She is a co-founder of Check My Ads agency and associated non-profit "Check My Ads Institute."

14. Jammi's image has commercial value, as she is a prominent American activist for brand safety.

15. In November 2021, Jammi discovered that Jammi's professional headshot (the "Subject Photograph") is being used without permission or authorization on advertisements and other promotional materials for an app owned by Verifly. These promotional materials are being distributed by Verifly and being used by Defendants in online advertisements for Verifly on commercial websites and digital platforms (collectively, "Infringing Uses"). Non-inclusive exemplars of Defendants' Infringing Uses, including without limitation the unlicensed, infringing, and unlawful exploitations of both the Subject Photograph and Jammi's picture, image, and likeness are depicted below, which includes screenshots and/or images depicting the unauthorized uses at issue alongside the Subject Photograph, which each identifying the website or store location is associated with same.

| Subject Photograph | Infringing Uses |
|---|---|
|  | **American Airlines:**<br><br>common mobile health passport for those eligble customers who are permitted to fly between the United States and the United Kingdom.<br><br>Customers can download the free VeriFLY app from the iOS App Store or Google Play Store. They will then need to create an account, enter their destination and upload required documentation.<br><br><br><br>**Prepared for the air**<br><br>American is ensuring customers are prepared for the air by introducing tools that help navigate the travel journey in light of COVID-19. As customers are ready to return to the skies, American provides all the resources they need to understand requirements for travel, preflight testing resources and more. Customers can visit Prepared for the air to get started. As always, American encourages customers to review all travel requirements for their |



Yahoo:



16. Jammi never authorized or licensed Defendants to use or exploit the Subject Photograph or her name, image, and likeness in any way.

17. The author of the Subject Photograph was a resident and domicilary of Germany at the time the Subject Photograph was created. Plaintiff was also a resident of Germany. Jammi obtained all rights, title, and interest the Subject Photograph via transfer agreement.

18. The Subject Photograph was first published outside of the United States and therefore is exempt from registration requirements under the Berne Convention.

19. The Infringing Uses include the Defendants exploitation of her Subject Photograph in commercial advertisements and on websites without license or authorization, in violation of her exclusive rights afforded under the Copyright Act.

20. The Infringing Uses also include, without limitation, uses of Jammi's name, image, and likeness on digital advertisements, websites, sales platforms, and corporate pages. The Infringing Use was to Defendants own benefit. These Infringing Uses promoted, without limitation, Verifly products marketed and sold by Defendants.

21. Jammi is readily identifiable in all of the Infringing Uses, and her picture and likeness are prominently displayed as either the central or only identifiable content in the Infringing Uses aside from Verifly branding content.

22. At all relevant times, Jammi had the sole and exclusive right of privacy and proprietary interest in the use of her picture, portrait, and likeness under Virginia Statutory Law. Verifly violated Virginia statutory law when they published Jammi's photograph on advertisements for the product with a clear intent to obtain financial gain. Upon information and belief, Verifly's actions were initiated and occurred in Virginia and the place of injury for the proprietary and privacy injuries suffered as a result of the exploitation of her and image is Virginia.

23. The law of Virginia governs Jammi's privacy and proprietary claims because Virginia is the locus of the tort, Verifly is domiciled in Virginia, and Jammi suffered injury as a result of a tort that occurred in Virginia in violation of Virginia statute.

24. Defendants have, without Jammi's authorization or consent, since used Jammi's likeness for advertising and other trade purposes without authorization or consent to promote Verifly products for commercial gain, promoting the sale of Verifly products.

25. None of the Defendants at any point had a license for the use of the Subject Photograph or Jammi's picture and likeness as represented in the Infringing Uses.

26. The Infringing Uses include an exact copy, reproduction, or slightly cropped copy or reproduction of the Subject Photograph. The reproduction or copy of Jammi's Subject Photograph is a violation of the exclusive rights she is entitled to under the Copyright Act.

27. At no point did Jammi authorize, consent to, or otherwise seek to allow the Defendants, or any of them, to exploit the Subject Photograph or her picture, image, or likeness as seen in the Infringing Uses in any manner.

28. Jammi is informed and believes and thereon alleges, that Defendants, and each of them, engaged in the unauthorized exploitation and misappropriation of Plaintiff's image, picture, and likeness by prominently featuring Jammi in numerous advertisements and digital marketing materials on various online platforms and email blasts, including but not limited to the Infringing Uses.

29. Defendants' publication and distribution of the Infringing Uses has resulted in substantial injury to Jammi.

**FIRST CLAIM FOR RELIEF**
(For Violation of Virginia Code 8.01-40(A) Unauthorized Use of Name or Picture of Any Person, against Defendant Verifly Only)

30. Jammi repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

31. Upon information and belief, Jammi alleges that Defendants, and each of them, knowingly used Jammi's picture, image, and likeness for the purposes of advertising and marketing Verify products and for Verifly's own commercial gain, including without limitation through the Infringing Uses as depicted herein.

32. Verifly is a resident of Virginia and upon information and belief, carried out the use of her name, image, and likeliness shown in the Infringing Uses above in Virginia and thereafter distributed them throughout Virginia and the United States.

33. Jammi did not authorize or consent to the use of her name or photograph in connection with Verifly advertisements.

34. Verifly, and each of their, unlawful uses of Jammi's picture, image, and likeness resulted in injuries to Jammi.

35. Jammi's image has commercial value, as she is a prominent figure in brand advocacy and well known throughout the United States for her research and advice on ethical brands and/or products.

36. Verifly intentionally exploited Jammi's name, image, and likeness for their own benefit as depicted in the Infringing Uses. Specifically, Verifly intentionally chose a photograph of Jammi in attempt to associate her image and likeness with their brand for financial gain and to boost sales. In doing so, Verifly has made Jammi the face of the Verifly brand for financial gain without her authorization or consent.

37. On each Verifly advertisement, Jammi's photograph is the center of the advertisement and displayed prominently, with Jammi's photograph being displayed larger than

surrounding words intentionally designed to enhance the probability of sales and user interaction through the use of her image.

38. The above referenced violations of Jammi's right to privacy and injuries to Jammi subject Verifly, and each of them, to statutory damages and penalties, including punitive damages, in amounts to be determined at trail.

39. Upon information and belief, Jammi alleges that Verifly, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge that such uses of Jammi's picture, image, and likeness were forbidden or unlawful. Consequently, Jammi is entitled to exemplary damages.

## SECOND CLAIM FOR RELIEF
(For Copyright Infringement, against all Defendants)

40. Jammi repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

41. Plaintiff owns all rights, title, and interest to the copyrights for the Subject Photograph, which she obtained via transfer agreement.

42. The Subject Photograph was first published outside of the United States by a person residing in Germany.

43. Upon information and belief, Defendants had access to Plaintiff's Subject Photograph through Plaintiff's many public social media profiles featuring the Subject Photograph. Access can further be inferred due to the exact reproduction or copy of the Subject Photograph as depicted in the Infringing Use above.

44. Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights in the Subject Photograph by, without limitation, copying, reproducing, publishing, and displaying

the Subject Photograph as depicted in the Infringing Uses for commercial benefit as set forth herein, without Plaintiff's authorization.

45. Due to Defendants acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

46. Due to each of Defendants' acts of infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized by for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgements of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs rights in the Subject Photograph.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from displaying, publishing, reproducing, or otherwise exploiting any materials using Jammi's picture, image, or likeness or that otherwise violates Jammi's rights to privacy;

2. That Defendants, and each of them, and their respective employees and agents, be enjoined from using or displaying Jammi's picture, image, or likeness in any manner;

3. That Jammi be awarded all profits of Defendants, and each of them, plus all losses of Jammi, plus punitive damages if found applicable, and all costs and attorneys' fees, the exact sums to be proven at trial, common law appropriation and/or the Lanham Act;

4. That Jammi be awarded exemplary damages under the Lanham Act;

5. That Jammi be awarded her breach of contract and fraud damages, including exemplary and punitive damages as appropriate;

6. That Jammi be awarded her costs and fees;

7. That Jammi be awarded pre-judgment interest as allowed by law; and

8. That Jammi be awarded further legal and equitable relief as deemed proper.

## JURY DEMAND

Jammi demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 26, 2024

By: _____
Scott Alan Burroughs, Esq.
Mackenzie Paladino, Esq.
**DONIGER / BURROUGHS**
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
mpaladino@donigerlawfirm.com
*Attorneys for Plaintiff*